UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

FILED
FEB 26 2018
CLERK, US DISTRICT COURT
NORFOLK, VA

PHILLIP W. TYREE,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,

    Defendant.

Civil No. 2:16cv697

## FINAL ORDER

Plaintiff Phillip Tyree ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Social Security Commissioner ("the Commissioner") to deny his claim for Supplemental Security Income ("SSI") under the Social Security Act. Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and the Local Rules, this matter was referred to United States Magistrate Judge Lawrence R. Leonard for a Report and Recommendation ("R&R"). ECF No. 10.

In the R&R filed on January 23, 2018, Magistrate Judge Leonard concluded that the decision by the Administrative Law Judge ("ALJ") to deny Mr. Tyree's claim was supported by substantial evidence, and recommended denying Mr. Tyree's Motion for Summary Judgment (ECF No. 12), granting the Commissioner's Motion for Summary Judgment (ECF No. 14), affirming the decision of the Commissioner, and dismissing the case with prejudice. ECF No. 19 at 17.

By copy of the Report, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. *Id.* The Court has received

1

Plaintiff's timely objections to the Magistrate Judge's R&R (ECF No. 20), and has considered the objections carefully.

I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* any part of a magistrate judge's recommendation to which a party has properly objected. *See also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the magistrate judge], if objected to, are subject to final *de novo* determination . . . by a district judge . . . .").

A court reviewing a decision made in accordance with the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, if the Commissioner's denial of benefits is supported by substantial evidence and was reached by applying the correct legal standard, the Court must affirm the Commissioner's final decision. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589 (citations omitted). In reviewing for substantial evidence, this Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

II. BACKGROUND

As recounted in the R&R, Mr. Tyree initially filed an application for SSI on December 7, 2012, alleging disability due to diabetes, heart problems, and pain in his shoulder and feet. ECF

No. 19 at 2. Mr. Tyree's application was denied on September 9, 2013; again upon reconsideration on February 5, 2014; and by the ALJ on October 15, 2015. *Id.* at 2.

In denying Mr. Tyree's application, the ALJ made the following determinations, as required by 20 C.F.R. §§ 404.1520 and 416.920: (1) that Mr. Tyree had not engaged in substantial gainful activity between the alleged onset date of September 1, 2011 and December 31, 2014, the date he was last insured; (2) that some of his alleged impairments were severe and others were not; (3) that the evidence failed to demonstrate that Mr. Tyree had an impairment or combination of impairments that equaled one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1, and that Mr. Tyree had the residual functional capacity to perform sedentary work; (4) that Mr. Tyree was unable to perform past relevant work; and (5) that sedentary work suitable for Mr. Tyree existed in significant numbers in the national economy. *See id.* at 8–10. The Appeals Council then denied Mr. Tyree's request for review after concluding that the ALJ's decision was supported by substantial evidence and that Mr. Tyree's claims did not warrant review. *Id.* Mr. Tyree filed the instant Complaint for judicial review of the Commissioner's decision, which was then referred to Magistrate Judge Leonard. *See* ECF Nos. 3, 10.

As reviewed above, the Magistrate Judge's R&R recommended that Mr. Tyree's Motion for Summary Judgment be denied, that the Acting Commissioner's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. Mr. Tyree filed his objections to the R&R on February 5, 2018. ECF No. 20. The Commissioner filed a response on February 20, 2018. ECF No. 21.

Mr. Tyree presents one objection to the R&R, asking the Court to reconsider the R&R in light of new evidence. He advises the Court that he has been newly diagnosed with Charcot foot,

3

a deformity in the foot or ankle resulting from nerve damage that is often caused by diabetes; a damaged disc in his lower back; and a post-bypass surgery heart condition that requires further testing. Mr. Tyree provides evidence of these new diagnoses in the form of Virginia Commonwealth University Health medical reports from January 15, 24, and 31, 2018. *See* ECF No. 20-1 at 2–13. Given these new diagnoses, Mr. Tyree contends that "finding a job would be very difficult with my declining health condition and level of energy." ECF No. 20 at 1. Mr. Tyree also submits documentation of a medical discount, which covers all of the costs associated with the medical services provided by Virginia Commonwealth University Health, as further evidence of his worsening medical conditions and his unemployed status. *See* ECF No. 20-1 at 1. Accordingly, Mr. Tyree appears to be arguing that, based on this new evidence, the R&R should be rejected and the matter should be remanded to the Social Security Administration for reconsideration.

III. ANALYSIS

42 U.S.C. § 405(g) provides for two forms of remand to the Social Security Administration, only one of which is based on new evidence:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing . . . . The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

The decision in *Babcock v. Commissioner of Social Sec.*, No. 3:10cv431, 2011 WL 2899169, at *6 (E.D. Va. July 18, 2011) further notes that:

> A district court reviewing an ALJ's decision cannot consider evidence outside the record in front of the ALJ. *Smith v. Chater*, 99 F.3d 635, 638 n. 5 (4th Cir. 1996). A district court can order evidence presented to the Commissioner on remand if (1) the evidence is relevant to the determination of disability at the time the application was filed, (2) the evidence is material to the extent that the

4

Commissioner's decision might reasonably have been different had the new evidence been before him, (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner, and (4) the claimant makes a general showing of the new evidence to the reviewing court. 42 U.S.C. § 405(g); *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir.1985)[; *see also*] *Miller v. Barnhart*, 64 Fed. App'x 858, 859–60 (4th Cir. 2003).

The burden of showing that these factors are met rests with the claimant. *Keith v. Astrue*, No. 4:11cv37, 2012 WL 2425658, at *2 (W.D. Va. June 22, 2012) ("The burden of demonstrating that all of the Sentence Six requirements have been met rests with the plaintiff.").

The Court construes Mr. Tyree's submission of additional evidence as a request for a remand of the 2015 decision in light of the additional information provided. However, Mr. Tyree has failed to meet his burden of demonstrating that all four of the remand requirements have been met. The information fails to meet the first requirement that it be relevant to the determination of disability *at the time the application was filed*. The diagnoses that Mr. Tyree has presented as new evidence of his disability are dated January 15; 2018; January 24, 2018; and January 31, 2018. The documentation of the medical discount is dated October 25, 2017. *See* ECF No. 20-1 at 1–13. Mr. Tyree submitted his application for SSI on December 7, 2012, and the ALJ rendered his decision on October 5, 2015. The new diagnoses from January 2018 and the medical discount from October 2017 do not relate to the determination of disability at the time the application was filed, and therefore cannot serve as the basis for rejecting the R&R and remanding to the Social Security Administration. *See Babcock*, 2011 WL 2899169, at *6 (denying remand based on new evidence because it did not relate to a period before the ALJ's decision).[1]

---

[1] *Babcock*, 2011 WL 2899169, at *6, specifically noted:

Moreover, [the doctor's report submitted as new evidence] is not "new" as the term is defined in § 405(g). The new evidence must "relate[ ] to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). The evidence

If Mr. Tyree believes that the new diagnoses submitted demonstrate that his condition has worsened to the point that he qualifies for a finding of a disability as to the period after the administrative decision, Mr. Tyree is encouraged to file a new application for benefits. 20 C.F.R. § 416.330(b) provides: "If [an applicant] first meet[s] all the requirements for eligibility after the period for which [the] application was in effect, [the applicant] must file a new application for benefits." *See also Horne v. Berryhill*, No. 1:15cv902, 2017 WL 1155053, at *1 (D.S.C. March 27, 2017) (regarding new evidence presented by a claimant that related to the period after the administrative determination, the claimant "remains free to present the evidence in a new administrative application as to the later time period"); *J.M. by Nunley v. Berryhill*, No. 2:15cv475, 2017 WL 570710, at *10 (E.D. Va. Feb. 13, 2017) (denying a plaintiff's request to consider new evidence because the evidence was not relevant to the determination of disability at the time the application was filed, but noting that the plaintiff could file a new application for benefits if she believed that the ALJ would now find a disability); *Goodshield v. Colvin*, No. 8:14–1809–MGL–JDA, 2015 WL 5009243, at *13 n. 13 (D.S.C. Aug. 19, 2015) (denying a plaintiff's request to consider new evidence because of her failure to explain her failure to present the evidence to the ALJ, how the new evidence related back to the relevant time period, and how the new evidence compelled remand, but noting that the plaintiff could file a new application for benefits if she believed that her functional abilities to work had deteriorated since the ALJ's decision).

---

need not have existed during that period; rather, the evidence must shed light on the applicant's disability status during the relevant time period. *Reichard v. Barnhart*, 285 F. Supp. 2d 728, 733 (S.D.W. Va. 2003). The ALJ issued his decision on October 1, 2008. [The doctor's] report is dated March 11, 2011. Therefore, the report does not disclose information pertinent to the period before the ALJ's decision.

IV. CONCLUSION

Following this Court's *de novo* review of the R&R filed on January 23, 2018, and consideration of the objections filed thereto, and finding no errors, the Court ADOPTS AND APPROVES in full the findings and recommendations set forth in the R&R. ECF No. 19. Accordingly, Mr. Tyree's Motion for Summary Judgment (ECF No. 12) is DENIED, the Commissioner's Motion for Summary Judgment (ECF No. 14) is GRANTED, the decision of the Commissioner is AFFIRMED, and this case is DISMISSED WITH PREJUDICE.

The parties are ADVISED that an appeal from this Final Order may be commenced by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. This written notice must be received by the Clerk within sixty days from the date of this Final Order.

The Clerk is REQUESTED to forward a copy of this Order to all parties.

IT IS SO ORDERED.

                                                  Arenda L. Wright Allen
                                                United States District Judge

February 23, 2018
Norfolk, Virginia